

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND ORTEGA, SPN #00064517, | § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | CIVIL ACTION NO. H-19-3505 |
| DANIKA JOHNSON, *et al*, | | |
| Defendants. | | |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

At the time Plaintiff Raymond Ortega (SPN #0064517) filed this civil action *pro se*, he was confined in the Harris County Jail. In a two-page, handwritten complaint, Plaintiff requested a 42 U.S.C. § 1983 federal civil rights packet and vaguely alleged that an official altered his paperwork for his blue warrant. (Doc. No. 1).

On September 20, 2019, the Court notified Plaintiff that his pleadings were deficient, sent him the § 1983 complaint form, and instructed him to submit a claim on the form if he wanted to pursue civil rights claims under 42 U.S.C. § 1983. (Doc. No. 3). The Court also notified Plaintiff that he needed to pay the $400.00 filing fee or submit a properly supported motion to proceed *in forma pauperis* with a copy of his inmate trust fund account statement or institutional equivalent. *Id.* In the Court's Order, it warned Plaintiff that **"failure to comply with this Order within thirty days may result in the dismissal of this action for want of prosecution without further notice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."** *Id.* (emphasis in original).

On October 2, 2019, the Court's Order to Correct Deficient Pleadings was returned undeliverable. (Doc. No. 5). On October 3, 2019, the Court re-mailed the Order to Plaintiff to

his address at the Jail, including his full name, SPN number, and cellblock number, but this was also returned to the Court as undeliverable. (Doc. No. 6). Plaintiff has not provided the Court with a valid address as required or submitted a civil rights complaint that sets forth a claim for which relief may be granted.

Plaintiff's failure to pursue this action leads the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a district court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (stating that "[t]he failure to comply with an order of the court is grounds for dismissal with prejudice"); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order).

Plaintiff is advised, however, that relief from this Order may be granted upon a proper showing in accordance with Rule 60(b) of the Federal Rules of Civil Procedure, if such motion is timely filed within 30 days of this Order. At a minimum, a proper showing under Rule 60(b) includes full compliance with the Court's previous notices or orders, including either paying the $400.00 filing fee or submitting a properly supported motion to proceed *in forma pauperis* with a copy of his inmate trust fund account statement as directed, providing a valid, current address, and submitting his claim on the federal civil rights complaint form provided.

Based on the foregoing, the Court **ORDERS** that this case is **DISMISSED** without prejudice for want of prosecution and all pending motions are **DENIED as MOOT**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this ___1st___ day of ~~October~~ November 2019.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE